IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | CASE NO. **1 : 18 CR 657** |
| | ) | Title 18, Sections 2, 641 and |
| NISRINE EL KHOURY, | ) | 1425(b), United States Code |
| STEVE AJALTOUNI, | ) | |
| | ) | |
| Defendants. | | |

## GENERAL ALLEGATIONS

1.  At all times relevant, NISRINE EL KHOURY, was a citizen of Lebanon.

2.  At all times relevant, STEVE AJALTOUNI and George Ajaltouni were brothers. Both STEVE AJALTOUNI and George Ajaltouni were citizens of Lebanon.

3.  At all times relevant, the Supplemental Nutrition Assistance Program (SNAP), was a federally funded, governmental program administered by the United States Department of Agriculture (USDA) through the USDA Food and Nutrition Service (FNS) in each state. SNAP benefit cards or Electronic Benefit Transfer (EBT) cards are similar to a bank debit card in that a SNAP recipient can purchase food from authorized retailers using the EBT card. Retail stores may participate in SNAP only with the authorization of FNS. Each authorized SNAP recipient is issued an Ohio "Direction" EBT card that contains a unique account number and an encrypted personal identification number (PIN). SNAP benefits are downloaded monthly to the recipient's EBT card. The Ohio EBT system is operated through a contract between the FNS and the State of Ohio and administered by the Ohio Department of Job and Family Services (ODJFS).

4. At all times relevant, the Supplemental Security Income (SSI) program was a federally funded program administered by the Social Security Administration (SSA) under Title XVI. SSI was the first federally administered cash assistance program in the United States available to the general public. It was designed to provide a floor of income for the aged, blind, or disabled who have little or no income and resources. The program established that payment may be received by those U.S. citizens or legally admitted aliens residing in this country who qualify as aged, blind, or disabled and who meet income and resource criteria. No work credits were necessary for eligibility under the SSI program.

5. The Ohio Department of Jobs and Family Services (ODJFS) is a state agency that receives federal funding for the administration of a number of public assistance programs including SNAP and Medicaid benefits. ODJFS is responsible for determining eligibility, processing applications, administration of funds and for paying Medicaid benefits on behalf of recipients. Each of Ohio's 88 counties operate a county job and family service office. The county job and family services offices coordinate with ODJFS for the administration of the public assistance programs for the residents of each county. The Cuyahoga County Department of Job and Family Services office covers all of the cities located in Cuyahoga County, Ohio, including North Olmsted, Ohio.

6. On or about July 20, 2004, NISRINE EL KHOURY and George Ajaltouni were married at the al-Batroun Maronite diocese in Lebanon.

7. On or about September 18, 2004, NISRINE EL KHOURY and George Ajaltouni entered the United States on the same flight. EL KHOURY entered on a nonimmigrant visitor visa and George Ajaltouni entered as a returning lawful permanent resident (LPR).

2

8.      On or about October 15, 2004, STEVE AJALTOUNI, became a naturalized U.S.

citizen.

9.      On or about November 8, 2004, NISRINE EL KHOURY and STEVE

AJALTOUNI married in the Rocky River Municipal Court in the Northern District of Ohio.

10.     On or about August 18, 2005, S.A. (a female minor) was born in Cleveland, Ohio.

STEVE AJALTOUNI and EL KHOURY, were listed on the birth certificate as parents.

11.     On or about March 28, 2006, NISRINE EL KHOURY signed a Form I-485

Application to Adjust Status to a LPR. EL KHOURY claimed to reside with STEVE

AJALTOUNI.

12.     On or about July 19, 2006, NISRINE EL KHOURY's I-485 Application to Adjust

Status was approved by the United States Citizenship and Immigration Service (USCIS), which

granted EL KHOURY conditional resident status.

13.     Official federal and State of Ohio records for 2006, reveal that NISRINE EL

KHOURY and STEVE AJALTOUNI did not share a marital home.

14.     On or about November 28, 2006, STEVE AJALTOUNI, purchased a home

located at 2xxx2 Bridgeport Drive in North Olmsted, Ohio.

15.     On or about March 20, 2007, George Ajaltouni purchased a home located at 3xx1

Bridgeport Drive in North Olmsted, Ohio.

16.     On or about October 7, 2007, NISRINE EL KHOURY, filed a Combined

Programs Application requesting health coverage and nutritional programs from the State of

Ohio. This application was required for those individuals seeking health coverage including

Medicaid or access to other federally funded nutritional programs. On this application, EL

KHOURY indicated that she lived with her daughter S.A. and brother-in-law, George Ajaltouni

at 3xx1 Brigeport Drive in North Olmsted, Ohio. Despite EL KHOURY's and STEVE

AJALTOUNI's marital status, STEVE AJALTOUNI was not listed on the application as

residing with EL KHOURY.

17.     On or about November 15, 2007, NISRINE EL KHOURY, was cited in Fairview

Park, Ohio for a traffic violation. EL KHOURY listed her home address as 3xx1 Bridgeport

Drive in North Olmsted, Ohio. The car that EL KHOURY was driving was registered to George

Ajaltouni.

18.     On or about November 15, 2007, George Ajaltouni was issued an Ohio's driver's

license and listed his home address as 3xx1 Bridgeport Drive, North Olmsted, Ohio.

19.     On or about March 2, 2008, S.A.A. (a male minor) was born. NISRINE EL

KHOURY and STEVE AJALTOUNI were listed as the parents on S.A.A.'s birth certificate.

20.   On or about March 4, 2008, STEVE AJALTOUNI posted on a social media

application that he was "loving his new baby nephew (little steve)."

21.     On or about June 13, 2008, NISRINE EL KHOURY and STEVE AJALTOUNI

signed a Form I-751, Petition to Remove Conditions of Residence. STEVE AJALTOUNI and

EL KHOURY listed their home address as 2xxx2 Bridgeport Drive, North Olmsted, Ohio. EL

KHOURY and STEVE AJALTOUNI attached an addendum to the I-751 which instructed the

beneficiary to list all addresses with dates while living in the United States. On the addendum,

EL KHOURY did not list 3xx1 Bridgeport Drive, North Olmsted, Ohio or another address that

she had lived at in Rocky River.

22.     On or about October 22, 2008, NISRINE EL KHOURY's Form I-751 Petition to

Remove Conditions of Residence was approved by USCIS, making her a LPR.

23.     On or about August 30, 2009, NISRINE EL KHOURY, signed a Form N-400, Application for Naturalization. EL KHOURY indicated that her address was 2xxxx2 Bridgeport Drive, North Olmsted, Ohio; that she was married once; left blank the space for prior spouse's name; indicated that she had never been married to more than one person at the same time; denied ever giving false or misleading information to any U.S. government official while applying for any immigration benefit, and denied having ever lied to any U.S. government official to gain entry or admission to the United States.

24.     On or about October 13, 2009, NISRINE EL KHOURY filed an Application for Child Care Benefits with the Ohio Department of Job and Family Services (ODJFS). EL KHOURY listed her home address as 3xx1 Bridgeport Drive, North Olmsted, Ohio. EL KHOURY stated that STEVE AJALTOUNI is an absent parent who did not provide child support. EL KHOURY failed to report her marriage to George Ajaltouni.

25.     On October 22, 2009, NISRENE EL KHOURY applied on behalf of her male minor son, S.A.A., for SSI. EL KHOURY failed to disclose her marital cohabitation with George Ajaltouni.

26.     On or about November 12, 2009, George Ajaltouni submitted a letter to the Healthcare Resources Child Unit in the ODJFS, indicating that NISRINE EL KHOURY and her two children lived with him at 3xx1 Bridgeport Drive, North Olmsted, Ohio. George Ajaltouni identified EL KHOURY as his sister-in-law.

27.     On or about December 10, 2009, NISRINE EL KHOURY appeared in front of a USCIS Officer and swore that she had been a LPR for three years; that she had been married to and living with the same U.S. citizen for the last three years; that her spouse had been a citizen for the last three years; that her home address was 2xxx2 Bridgeport Drive, North Olmsted,

Ohio; that she had been married once; that her spouse's name was STEVE AJALTOUNI; that she had never been married to more than one person at the same time; that she had never given false or misleading information while applying for any immigration benefit; and that she had never lied to any U.S. government official to gain entry or admission into the United States.

28. On or about January 15, 2010, NISRINE EL KHOURY became a naturalized U.S. citizen. Her naturalization occurred in Cleveland, Ohio.

29. On or about March 11, 2010, NISRINE EL KHOURY, completed a United States passport application. EL KHOURY listed her address as 3xx1 Bridgeport Drive, North Olmsted, Ohio. EL KHOURY listed her "brother-in-law" George Ajaltouni as her emergency contact and STEVE AJALTOUNI as her husband.

30. On or about March 23, 2010, a United States passport was issued to NISRINE EL KHOURY.

31. On or about March 29, 2010, the Cuyahoga County Department of Job and Family Services (CCJFS) conducted a phone interview with NISRINE EL KHOURY to determine her eligibility for the SNAP program. During the interview, NISRINE EL KHOURY stated her household consisted of herself, her two children and her brother-in-law, George Ajaltouni. NISRINE EL KHOURY failed to report her marriage to George Ajaltouni.

32. On or about July 2, 2010, Defendants NISRINE EL KHOURY and STEVE AJALTOUNI divorced. Cuyahoga County Clerk of Court records listed the divorce as "dissolution-no children."

33. On or about March 16, 2011, STEVE AJALTOUNI and NISRINE EL KHOURY completed a United States passport application for S.A. (a female minor). STEVE AJALTOUNI was listed as the father and EL KHOURY was listed as the mother on the application. STEVE

6

AJALTOUNI and EL KHOURY both signed the application. S.A's permanent address was listed as 3xx1 Bridgeport Drive, North Olmsted, Ohio. George Ajaltouni was listed as the emergency contact on the application and was designated as S.A's "uncle." The United States passport was issued on April 8, 2011.

34. On or about March 4, 2014, NISRINE EL KHOURY completed a United States passport application for S.A.A. (a male minor). There was no father listed on the passport application. The emergency contact listed on the application was George Ajaltouni who was designated as S.A.A.'s "uncle." The United States passport was issued on March 21, 2014.

## COUNT 1
(Naturalization Fraud, in violation of 18 U.S.C. § 1425(b))

The Grand Jury charges:

35. The allegations set forth in paragraphs 1 through 34 are incorporated herein by reference.

36. On or about January 15, 2010, in the Northern District of Ohio, Eastern Division, Defendant NISRINE EL KHOURY, a person not entitled to naturalization and citizenship, knowingly obtained naturalization and citizenship in violation of Title 18, United States Code, Section 1425(b).

## COUNT 2
(Aiding and Abetting Naturalization Fraud, in violation of 18 U.S.C. §§ 1425(b) and 2)

The Grand Jury further charges:

37. The allegations set forth in paragraphs 1 through 34 are incorporated herein by reference.

38. On or about January 15, 2010, in the Northern District of Ohio, Eastern Division, Defendant STEVE AJALTOUNI, did knowingly aid and abet Defendant NISRINE EL

KHOURY, a person not entitled to naturalization and citizenship, in obtaining naturalization and citizenship in violation of Title 18, United States Code, Sections 1425(b) and (2).

## COUNT 3
(Theft of Public Money, in violation of 18 U.S.C. § 641)

The Grand Jury further charges:

39.    The allegations set forth in paragraphs 1 through 34 are incorporated herein by reference.

40.    From on or about November 2009, through on or about June 2014, in the Northern District of Ohio, Eastern Division, Defendant NISRINE EL KHOURY, did knowingly and willfully embezzle, steal, purloin and convert to her use, and the use of another, Social Security Title XVI (SSI) Disability Benefits, being money and property of the United States, and of a value in excess of $1,000, to wit: Defendant fraudulently applied for and received Social Security Title XVI (SSI) Disability Benefits for her minor child, to which the minor child was not entitled, totaling approximately $25,287.67, in violation of Title 18, United States Code, Section 641.

## COUNT 4
(Theft of Public Money, in violation of 18 U.S.C. § 641)

The Grand Jury further charges:

41.    The allegations set forth in paragraphs 1 through 34 are incorporated herein by reference.

42.    From on or about October 2009, through on or about June 2014, in the Northern District of Ohio, Eastern Division, Defendant NISRINE EL KHOURY, did knowingly and willfully embezzle, steal, purloin and convert to her use, and the use of another, Medicaid Benefits, being money and property of the United States, and of a value in excess of $1,000, to

wit: Defendant fraudulently applied for and received Medicaid Benefits for herself and her minor children, to which they were not entitled, totaling approximately $150,663.24, in violation of Title 18, United States Code, Section 641.

COUNT 5
(Theft of Public Money, in violation of 18 U.S.C. § 641)

The Grand Jury further charges:

43.     The allegations set forth in paragraphs 1 through 34 are incorporated herein by reference.

44.     From on or about March 2010, through on or about January 2016, in the Northern District of Ohio, Eastern Division, Defendant NISRINE EL KHOURY, did knowingly and willfully embezzle, steal, purloin and convert to her use, and the use of another, Supplemental Nutrition Assistance Benefits, being money and property of the United States, and of a value in excess of $1,000, to wit: Defendant fraudulently applied for and received Supplemental Nutrition Assistance Benefits to which she was not entitled, totaling approximately $26,515.00, in violation of Title 18, United States Code, Section 641.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002