UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:18CR657 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE |
| | ) | PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| NISRINE EL KHOURY | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO REVOKE CITIZENSHIP AND TO CANCEL NATURALIZATION CERTIFICATE**

Now comes the United States of America, by and through United States Attorney, Justin E. Herdman, and Assistant United States Attorney Matthew W. Shepherd, and hereby moves the Court to revoke Defendant's United States citizenship and to cancel her naturalization certificate for the following reasons:

On September 23, 2019, Defendant Nisrine El Khoury (hereinafter "Defendant") pled guilty to Counts 1, 3, 4, and 5 of the Indictment, with sentencing scheduled for January 13, 2020. Count 1 charged Defendant with fraudulently procuring naturalization in violation of 18 U.S.C. § 1425.  This conviction requires that the Court revoke Defendant's citizenship and cancel her certificate of naturalization pursuant to 8 U.S.C. § 1451, which provides in pertinent part:

> (e) When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such

1

> person to be canceled. Jurisdiction is conferred on the court having jurisdiction of the trial of such offense to make such adjudication.
>
> (f) Whenever an order admitting an alien to citizenship shall be revoked and set aside or a certificate of naturalization shall be canceled, or both, as provided in this section, the court in which such judgment or decree is rendered shall make an order canceling such certificate and shall send a certified copy of such order to the Attorney General. The clerk of court shall transmit a copy of such order and judgment to the Attorney General. A person holding a certificate of naturalization or citizenship which has been canceled as provided by this section shall upon notice by the court by which the decree of cancellation was made, or by the Attorney General, surrender the same to the Attorney General.

This statute clearly directs the sentencing court to "revoke, set aside, and declare void the final order admitting such person to citizenship" and to "declare the certificate of naturalization of such person to be canceled." 8 U.S.C. § 1451(e).

Although the statute on its face requires a certified copy of the order to be sent to the Attorney General of the United States, savings statutes enacted separately and subsequent to the effective date of 8 U.S.C. § 1451 make clear that references to the "Attorney General" in immigration statutes are replaced with his successor, the Secretary for Homeland Security. See 6 U.S.C. §§ 202(3)-(4) and 557. The United States intends to provide the Department of Homeland Security with a certified copy of any order this court issues regarding Defendant's naturalization certificate and citizenship status.

In conclusion, based on the clear statutory language of 8 U.S.C. § 1451(e), revocation of Defendant's citizenship and cancellation of her naturalization certificate are required because she has been convicted of fraudulently procuring her naturalization in violation of 18 U.S.C. § 1425. See United States v. Latchin, 554 F.3d 709, 716 (7th Cir. 2009) (noting that "[u]nder 8 U.S.C. § 1451(e), a conviction for knowingly procuring naturalization in violation of the law results in automatic denaturalization"). In her plea agreement, Defendant acknowledged that she

understood that denaturalization was mandated upon her conviction for naturalization fraud. (Doc. 27, Plea Agreement, ¶ 7). As the court with jurisdiction over the conviction, this Court has jurisdiction to enter the denaturalization order. See 8 U.S.C. § 1451(e).

Therefore, the United States respectfully requests that the Court issue an order on the date of sentencing revoking Defendant's citizenship and ordering her to surrender her naturalization certificate to the government for transmission to the Department of Homeland Security.[1] A proposed order is attached.

>
> Respectfully submitted,
>
> JUSTIN E. HERDMAN
> United States Attorney
>
> By: /s/ Matthew W. Shepherd
> Matthew W. Shepherd (OH: 0074056)
> Assistant United States Attorney
> United States Court House
> 801 West Superior Avenue, Suite 400
> Cleveland, OH 44113
> (216) 622-3859
> (216) 522-7358 (facsimile)
> Matthew.Shepherd@usdoj.gov

---

[1] Upon revocation of her citizenship, Defendant would revert to her previous status as a lawful permanent resident alien. However, as part of her plea agreement, Defendant has stipulated to the entry of a Judicial Order of Removal from the United States. (Doc. 23, Plea Agreement, ¶ 8-11). The government also filed a Notice of Intent to Request Order of Judicial Remoal. (Doc. 27). The government will separately file a motion for entry of a Judicial Order of Removal.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2019, a copy of the foregoing document was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant U.S. Attorney
